IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DIAMOND STATE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>HARD TIMES, INC.. d/b/a THE SCOOP BAR; PAUL OVERBY; MILES KINGMAN; AND RYAN SEAN DIBERT,<br><br>Defendants. | CV 14-62-BU-DWM-JCL<br><br>ORDER |

Before the Court is a pleading filed by Defendant Miles Kingman on October 14, 2014. In substance, Kingman's statements in the pleading deny Plaintiff Diamond State Insurance Company's ("Diamond State") allegations in its complaint filed in this matter. Therefore, the Court construes the pleading as Kingman's answer to the complaint, and the pleading is filed as such in the Court's docket.

Also contained within Kingman's answer is his request that the Court appoint legal counsel to represent him in this action. But for the reasons discussed, the Court concludes appointment of counsel is not warranted.

A civil litigant does not have an enforceable right to the appointment of

1

counsel to represent the litigant in a civil action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The federal statute governing in forma pauperis proceedings at 28 U.S.C. § 1915(e)(1) does provide the Court with discretionary authority to appoint counsel to represent a litigant who is indigent (*see Palmer*, 560 F.3d at 970), but the authority granted has limited applicability for two reasons. First, section 1915(e)(1) requires that the litigant must establish he is "unable to afford counsel." Second, the appointment of counsel under section 1915 can occur only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). *Palmer*, 560 F.3d at 970. The "exceptional circumstances" standard applies to requests for appointment of counsel filed by both plaintiffs and defendants in civil actions. *See United States v. Melluzo*, 2010 WL 1779644, *2 (D. Ariz. 2009).

Here, Kingman has not demonstrated that he qualifies for appointment of counsel under the foregoing standards. He has not filed a financial affidavit as required under 28 U.S.C. § 1915(a)(1) establishing he is unable to afford counsel to defend him in this civil action. Furthermore, the Court finds the circumstances of this case do not present "exceptional circumstances" requiring that counsel be appointed to represent Kingman. Specifically, for the reasons discussed, the Court finds a serious question exists as to whether Kingman has a legally significant

interest in the merits of the specific legal claims advanced by Diamond State in this lawsuit.

This action has its genesis in a physical altercation in which Kingman, Ryan Dibert, and Paul Overby were involved on September 17, 2008, outside The Scoop Bar in Bozeman, Montana. Overby sustained injuries in that altercation. Consequently, Overby filed a civil action in the Montana Eighteenth Judicial District Court, Gallatin County (*Overby v. Kingman, et al.*, Cause Number DV-10-887C), seeking compensation for his injuries ("*Overby* Lawsuit"). In that case Overby sued Kingman, Dibert, and Hard Times, Inc., d/b/a The Scoop Bar ("Hard Times"), alleging they are all liable for his personal injuries.

Prior to the September 17, 2008 altercation in which Overby was injured, Diamond State had issued a commercial general liability and liquor liability insurance policy to Hard Times. In response to the *Overby* Lawsuit Hard Times tendered legal defense of that litigation to Diamond State requesting it defend and indemnify Hard Times with respect to the claims in the *Overby* Lawsuit pursuant to the referenced insurance policy issued by Diamond State.

Diamond State, in turn, commenced this civil action seeking a declaratory judgment under 28 U.S.C. §§ 2201-2202, and Mont. Code Ann. § 27-8-101, et seq. establishing that the referenced insurance policy does not provide insurance

coverage for Overby's injuries and legal claims advanced in the *Overby* Lawsuit. Diamond State named Kingman as a Defendant in this civil action alleging that he "is a necessary party to this action pursuant to Mont. Code Ann. § 27-8-301 because his interests would be affected by any declaration made by this Court." (Doc. 1 at 2.)

Although Diamond State alleges Kingman is a necessary party to this declaratory judgment action, given the factual background and underlying circumstances a serious question exists as to whether he is. Overby's allegations in the *Overby* Lawsuit assert that Kingman was a patron at The Scoop Bar on September 17, 2008, when he allegedly assaulted Overby. Therefore, the factual allegations indicate Kingman is not an insured under Diamond State's subject insurance policy, has no legal interest that is insured or covered by the subject policy, and has no legal right, claim or interest affected by Diamond State's declaratory judgment claims advanced in this action. Additionally, there are no allegations suggesting that Kingman advances any of his own claims against any party for recovery of any damages he may have that could be covered by Diamond State's insurance policy issued to Hard Times. Therefore, the Court finds a serious question exists as to whether Kingman has any interest which would be affected by Diamond State's declaratory judgment action, and whether Kingman

is, in fact, a necessary party to this action.

Based on the foregoing, the Court concludes exceptional circumstances do not exist in this case with respect to Kingman's status as a Defendant in this civil action and the legal claims and defenses at stake in this action. Therefore, IT IS HEREBY ORDERED that Kingman's request for appointment of counsel is DENIED.

DATED this 21st day of October, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge